UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORIBA BANGOURA, | No. C 12-03229 MMC (DMR) |
| Plaintiff(s), | **ORDER RE DISCOVERY LETTER [DOCKET NO. 28]** |
| v. | |
| ANDRE-BOUDIN BAKERIES, INC., | |
| Defendant(s). | |

The court is in receipt of Plaintiff Soriba Bangoura's and Defendant Andre-Boudin Bakeries, Inc.'s discovery letters,[1] which concern a variety of discovery disputes. [Docket No. 28.] The court held a discovery hearing on October 25, 2012. This order memorializes the holdings made at the hearing.

**Background**

---

[1] It appears from the letters that the parties met and conferred about their discovery disputes, but that Plaintiff later refused to cooperate with Defendant's counsel to finalize the joint discovery letter. Plaintiff did submit a separate discovery letter addressing the arguments that Defendant raised in its letter. At the time of this order's filing, Plaintiff's letter had yet to be docketed. However, the court took it into consideration when examining the parties' arguments.

Plaintiff brings this employment discrimination suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (*See generally* Am. Compl.; Compl.)[2] Among his various claims, he seeks reparations for lost wages and emotional distress, for which he sought care at San Francisco General Hospital and Westside Community Services-Integrated Service Center. (Compl. 4-6.) He asks for $500,000 in economic damages, [Docket No. 28 at 7-8], and $600,000 in non-economic damages for these alleged harms. [Docket No. 26 at 8 (Lopilato Decl. Ex. E at 2, Oct. 2, 2012.)] He contemporaneously stated that Defendant was one of several causes for his alleged emotional distress. (Lopilato Decl. Ex. E at 2.) Defendant has filed a cross-claim for violation of privacy pursuant to California Penal Code § 632, claiming that Plaintiff unlawfully recorded the confidential communications of Defendant's employees. (Def.'s Cross-Compl. ¶¶ 17-23.)

**The Discovery Disputes**

The parties' discovery letters present several distinct disputes. The court addresses each in turn.

In its requests for production, Defendant seeks "[a]ny and all digital voice recordings [Plaintiff] recorded" during the period he was Defendant's employee. Plaintiff asserts that the recordings are relevant because "Plaintiff alleges that he recorded key discussions with defense witnesses. Moreover, Defendant filed a Counter-Complaint against Plaintiff for the unauthorized recordings." Plaintiff refuses to produce the recordings because he believes that "Defendant should not get the recording until trial because it will be his 'best tool at trial'" and because he does not want "Defendant taking his property." He also asserts that Defendant has adequate video tapes of his alleged action and, therefore, does not need his recordings.

Defendant also has requested documents pertaining to Plaintiff's treatment at San Francisco General Hospital and Westside Community Integrated Services center "for any mental, emotional, psychological, or psychiatric symptoms or conditions," because Plaintiff has brought an emotional

---

[2] Prior to Defendant's removal of this case to federal court, Plaintiff filed an amended complaint. [*See* Docket No. 1.] However, it does not appear that Plaintiff, who has no counsel, intended the "amended complaint" to replace his original complaint. Rather, the "amended complaint" seems to supplement the factual background of the original complaint. The court therefore analyzes the documents together for purposes of this motion.

2

1  distress claim against Defendant and stated that he received treatment for his condition at these
2  facilities.  Plaintiff, however, claims that the medical records "contain . . . privileged or confidential
3  information, [his] medical records, [and his] personnel files," and also maintaining that he may need
4  the records for communicating with his attorneys.

5  Defendant also has asked Plaintiff to explain how he calculated his claim for $500,000 in
6  economic damages.  Plaintiff responds that he is working on the request.

7  Defendant has requested a full list of the businesses where Plaintiff has applied for
8  employment since he began working for Defendant, and their identifying information.  Defendant
9  asserts that this material is relevant to mitigating the level of damages that Plaintiff claims.  Plaintiff
10 has provided several responses, but admits that they are incomplete, because he cannot remember all
11 of the businesses to which he applied.

12 Finally, Defendant wishes to depose Plaintiff, but Plaintiff says there is no need given the
13 other discovery.

## Applicable Law

15 Rule 26 of the Federal Rules of Civil Procedure permits discovery "regarding any matter, not
16 privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).  A party
17 who resists discovery has the burden of demonstrating that it should not be allowed. *Oakes v.*
18 *Halvorseen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998) (citation omitted).  As reflected by
19 the language of Rule 26, a party may fulfill this burden by making a proper assertion of privilege.
20 *See Oakes*, 179 F.R.D. at 284 (citing Fed. R. Civ. P. 26(b)(5); *Walt Disney Co. v. DeFabiis*, 168
21 F.R.D. 281, 283 (C.D. Cal. 1996)).  In federal court, federal privileges generally apply to federal law
22 claims, such Plaintiff's present claim for emotional distress under Title VII. Fed. R. Evid. 501;
23 *Sanchez v. U.S. Airways, Inc.*, 202 F.R.D. 131, 134 (E.D. Pa. 2001) (citing *Pearson v. Miller*, 211
24 F.3d 57, 65 (3d Cir. 2000)).

## Discussion

26 Defendant's request for production of Plaintiff's digital voice recordings in relevant because
27 the records purportedly contain information about Plaintiff's interactions with his coworkers, which,
28 Plaintiff concedes, go to the heart of his claims.  The recordings also are relevant to Defendant's

3

cross-claim for violation of privacy. However, because the scope of Defendant's written request is overly broad, the court limits the recordings that Plaintiff must produce to those that Plaintiff recorded which are relevant to his employment with Defendant.

Plaintiff must produce the documents pertaining to his treatment at San Francisco General Hospital and Westside Community Integrated Services Center from April 2009 through the present as well. With respect to mental health records, the Supreme Court has held that "'confidential communications between a licensed psychotherapist and her patients in the course of diagnoses or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence.'" *Sanchez*, 202 F.R.D. at 134 (quoting *Jeffee v. Redmond*, 518 U.S. 1, 15 (1996)); *see Enwere v. Terman Assocs., L.P.*, No. 07-1239 JF (PVT), 2008 WL 5146617, at *2 (N.D. Cal. Dec. 4, 2008) (citing *Jeffee*, 518 U.S. at 15). Like other "testimonial privileges," the psychotherapist privilege may be waived. *Sanchez*, 202 F.R.D. at 134 (citing *Jaffe*, 518 U.S. at 15 n.14). For example, a party will waive the privilege if he alleges "on-going mental and emotional distress, along with the request for damages for those injuries," *Enwere*, 2008 WL 5146617; *accord Doe v. City of Chula Vista*, 196 F.R.D. 562, 568 (S.D. Cal. 1999), because he "is relying on [his] emotional condition as an element of [his] claim." *Doe*, 196 F.R.D. at 568 (footnote omitted). A party also enjoys privacy rights in his medical records in general. *See Bertram v. Sizelove*, No. 10-CV-583, 2012 WL 273083, at *2 (E.D. Cal. Jan. 30, 2012). However, a party may waive these privacy rights if the party puts their contents at issue in a case. *Smith v. Solano Cnty.*, No. 11-CV-142, 2012 WL 3727332, at *1 (E.D. Cal. Aug. 24, 2012); *Bertram*, 2012 WL 273083, at *1. Any waiver, however, is "limited to the private information that is relevant to the lawsuit." *Enwere*, 2008 WL 5146617, at *2 (citation omitted).

In the present matter, Plaintiff seeks monetary compensation for emotional distress that he allegedly suffered because of Defendant's actions and has testified that Defendant is one of multiple causes of his alleged emotional distress. By bringing this cause of action, Plaintiff has placed his mental condition at issue and therefore waived the psychotherapist privilege and his privacy rights with respect to his medical records. Defendant is entitled to discovery that will shed light on the nature of Plaintiff's alleged emotional distress and on the sources that proximately gave rise to it.

*See id.* at *4 ("As Defendants note, they are entitled to discovery what other causes exist for Plaintiff's emotional distress, regardless of whether any such other causes occurred before the events at issue in the lawsuit or afterwards.") (citation omitted); *Doe*, 196 F.R.D. at 568 (holding that "other factors [that] contributed to the plaintiff's damage" are relevant to lawsuit because plaintiff must show alleged damages proximately caused by defendant's unlawful conduct). To protect Plaintiff's privacy, the court orders productions related to Plaintiff's mental health to be released under a protective order.

By November 2, 2012, Plaintiff shall provide Defendant with a supplemental response to the interrogatory requesting a list of jobs that he applied for after his employment with Defendant. He shall provide Defendant with an explanation of how he calculated his claimed economic damages by November 30, 2012. Plaintiff's deposition shall take place on November 6, 2012.

IT IS SO ORDERED.

Dated: October 29, 2012



IT IS SO ORDERED

DONNA M. RYU
Donna M. Ryu
United States Magistrate Judge