UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORIBA BANGOURA, | No. C 12-3229 MMC (DMR) |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S MOTION TO QUASH** |
| v. | |
| ANDRE-BOUDIN BAKERIES, | |
| Defendant(s). | |

Plaintiff Soriba Bangoura, proceeding *pro se*, moves pursuant to Federal Rule of Civil Procedure 45 to quash Defendant Andre-Boudin Bakeries, Inc.'s subpoenas to obtain Plaintiff's medical records from Westside Community Services-Integrated Service Center and San Francisco General Hospital. [Docket No. 21.] For the reasons below, the court denies Plaintiff's motion.

**I. Background**

Plaintiff brings this employment discrimination suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (*See generally* Am. Compl.; Compl.)[1] Among his allegations, he claims that Defendant caused him emotional distress, for which he sought care at San Francisco

---

[1] Prior to Defendant's removal of this case to federal court, Plaintiff filed an amended complaint. [*See* Docket No. 1.] However, it does not appear that Plaintiff, who has no counsel, intended the "amended complaint" to replace his original complaint. Rather, the "amended complaint" seems to supplement the factual background of the original complaint. The court therefore analyzes the documents together for purposes of this motion.

General Hospital and Westside Community Services-Integrated Service Center.  (Compl. 5.)  During the course of discovery, he informed Defendant that he seeks $600,000 in non-economic damages for these alleged harms.  (Lopilato Decl. Ex. E at 2, Oct. 2, 2012.)  He contemporaneously stated that Defendant was one of several causes for his alleged emotional distress.  (Lopilato Decl. Ex. E at 2.)

On September 6, 2012, Defendant issued subpoenas to San Francisco General Hospital and Westside Community Services-Integrated Service Center.  (*See* Mot. Quash Attach. 1 at 1, Attach. 2 at 1.)  Both subpoenas request production of all of Mr. Bangoura's medical records from April 2009 to the present.  (Mot. Quash Attach. 1 at 6, Attach 2 at 6.)  On September 18, 2012, Plaintiff moved to quash the subpoenas, arguing that the documents sought "contain . . . privileged or confidential information, [his] medical records, [and his] personnel files," and also maintaining that he may need the records for communicating with his attorneys.  (Mot. Quash 2.)  On September 21, 2012, the Honorable Maxine M. Chesney referred the motion to the undersigned.  [Docket No. 22.]  The court held a motion hearing on October 25, 2012.

## II. Applicable Law

Upon receipt of a timely motion, an issuing court "must quash or modify a subpoena" that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A).  In the motion at bar, Plaintiff invokes the third prong of this test.  The court therefore must determine whether Defendant's subpoenas seek privileged or otherwise protected information not subject to waiver or other exceptions.

Rule 26 of the Federal Rules of Civil Procedure permits discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  A party who resists discovery has the burden of demonstrating that it should not be allowed.  *Oakes v. Halvorseen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998) (citation omitted).  As reflected by

2

the language of Rule 26, a party may fulfill this burden by making a proper assertion of privilege. *See Oakes*, 179 F.R.D. at 284 (citing Fed. R. Civ. P. 26(b)(5); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 283 (C.D. Cal. 1996)). In federal court, federal privileges generally apply to federal law claims, such Plaintiff's present claim for emotional distress under Title VII. Fed. R. Evid. 501; *Sanchez v. U.S. Airways, Inc.*, 202 F.R.D. 131, 134 (E.D. Pa. 2001) (citing *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000)).

### III. Discussion

After examining Defendant's subpoena requests, the court construes Plaintiff's motion to invoke the psychotherapist privilege and his right to privacy with respect to his medical records to prevent disclosure of his medical health records.[2] When establishing the parameters of the psychotherapist privilege, the Supreme Court has held that "'confidential communications between a licensed psychotherapist and her patients in the course of diagnoses or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence.'" *Sanchez*, 202 F.R.D. at 134 (quoting *Jeffee v. Redmond*, 518 U.S. 1, 15 (1996)); *see Enwere v. Terman Assocs., L.P.*, No. 07-1239 JF (PVT), 2008 WL 5146617, at *2 (N.D. Cal. Dec. 4, 2008) (citing *Jeffee*, 518 U.S. at 15). Like other "testimonial privileges," the psychotherapist privilege may be waived. *Sanchez*, 202 F.R.D. at 134 (citing *Jaffe*, 518 U.S. at 15 n.14). For example, a party will waive the privilege if he alleges "on-going mental and emotional distress, along with the request for damages for those injuries," *Enwere*, 2008 WL 5146617; *accord Doe v. City of Chula Vista*, 196 F.R.D. 562, 568 (S.D. Cal. 1999), because he "is relying on [his] emotional condition as an element of [his] claim." *Doe*, 196 F.R.D. at 568 (footnote omitted).

A party also enjoys privacy rights in his medical records in general. *See Bertram v. Sizelove*, No. 10-CV-583, 2012 WL 273083, at *2 (E.D. Cal. Jan. 30, 2012). However, a party may waive these privacy rights if the party puts their contents at issue in a case. *Smith v. Solano Cnty.*, No. 11-

---

[2] Because Defendant's subpoenas do not seek Plaintiff's personnel files, his objection to the subpoenas on that ground is inapposite. Similarly, there is no indication that any of the sought-after discovery contains materials subject to the attorney-client privilege or would not be available for use by Plaintiff's counsel at a future date, if a need arose.

Case 3:12-cv-03229-MMC   Document 38   Filed 10/29/12   Page 4 of 4

CV-142, 2012 WL 3727332, at *1 (E.D. Cal. Aug. 24, 2012); *Bertram*, 2012 WL 273083, at *1. Any waiver, however, is "limited to the private information that is relevant to the lawsuit." *Enwere*, 2008 WL 5146617, at *2 (citation omitted).

In the present matter, Plaintiff seeks $600,000 in compensation for emotional distress that he allegedly suffered because of Defendant's actions and has testified that Defendant is one of multiple causes of his alleged emotional distress. By bringing this cause of action, Plaintiff has placed his mental condition at issue and therefore waived the psychotherapist privilege and his privacy rights with respect to his medical records. Defendant is entitled to reasonable discovery that will shed light on the nature of Plaintiff's alleged emotional distress and on the sources that proximately gave rise to it. *See id.* at *4 ("As Defendants note, they are entitled to discovery what other causes exist for Plaintiff's emotional distress, regardless of whether any such other causes occurred before the events at issue in the lawsuit or afterwards.") (citation omitted); *Doe*, 196 F.R.D. at 568 (holding that "other factors [that] contributed to the plaintiff's damage" are relevant to lawsuit because plaintiff must show alleged damages proximately caused by defendant's unlawful conduct). After examining the scope of the subpoenas, the court finds that Defendant has narrowly tailored its requests to gather only that information relevant to this case. The court therefore will not quash the subpoenas. However, to protect Plaintiff's privacy, the court orders any materials produced pursuant to the subpoenas to be released under a protective order.

## IV. Conclusion

For the foregoing reasons, the court denies Plaintiff's Motion to Quash.

IT IS SO ORDERED.

Dated: October 29, 2012



_____
DONNA M. RYU
United States Magistrate Judge

4