1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

SORIBA BANGOURA,                              No. C-12-3229 MMC

             Plaintiff,               **ORDER RE: PLAINTIFF'S REQUEST
                                      FOR DENIAL OR CONTINUANCE OF
   v.                                 MOTION FOR SUMMARY JUDGMENT;
                                      CONTINUING BRIEFING SCHEDULE
ANDRE-BOUDIN BAKERIES, INC.,          AND HEARING ON DEFENDANT'S
                                      MOTION FOR SUMMARY JUDGMENT**

             Defendant.
_____/

        Before the Court is defendant Andre-Boudin Bakeries, Inc.'s "Motion for Summary

Judgment, or Alternatively, for Summary Adjudication of the Issues," filed March 8, 2013.

Also before the Court is the "Declaration of Plaintiff Soriba Bangoura in Support of Request

for Denial or Continuance of Summary Judgment Under FRCP 56 (D)," filed March 21,

2013, to which defendant has filed a response.

        In his declaration, plaintiff states he is "financially unable" to copy "materials to

support [his] opposition" to defendant's motion for summary judgment.  (See Bangoura

Decl. ¶ 2.)  Plaintiff identifies the materials as defendant's "responses" to plaintiff's

discovery requests, plaintiff's "medical and psychological records," plaintiff's "financial

hardship documentation," plaintiff's "full and complete deposition," "affidavits and

declarations" from "friends, roommates and [plaintiff]," "housing photographs," and "some

digital voice record[s]."  (See id. ¶ 3.)  Plaintiff asserts said materials will "raise a genuine

issue of material fact[ ]."  (See id. ¶ 4.)   Based on the above-referenced statements,

1    plaintiff seeks relief under Rule 56(d) of the Federal Rules of Civil Procedure.

2         "A party requesting a continuance pursuant to Rule 56[d] must identify by affidavit

3    the specific facts that further discovery would reveal, and explain why those facts would

4    preclude summary judgment." Tatum v. City and County of San Francisco, 441 F.3d 1090,

5    1100 (9th Cir. 2006).  Here, although plaintiff identifies in his declaration several

6    documents, he has failed to identify any specific fact those documents would reveal, let

7    alone explain how any such fact would preclude summary judgment.  Moreover, although

8    documents pertaining to plaintiffs' medical/psychological records, financial hardship, and

9    housing situation might, arguably, serve to establish plaintiff's damages in the event plaintiff

10   proves defendant violated Title VII or some other provision of law, defendant's motion goes

11   only to the issue of liability; consequently, evidence pertaining to damages would not

12   establish a triable issue of fact relevant to the instant motion.  Finally, the Court notes,

13   plaintiff has been able to file voluminous exhibits, in particular, his Second Amended

14   Complaint, to which plaintiff has attached over 140 pages of exhibits as well as a compact

15   disc.

16        Accordingly, plaintiff has failed to show he is entitled to relief under Rule 56(d).

17        As the date by which plaintiff's response to defendant's motion has passed,

18   however, the Court will extend the briefing schedule to afford plaintiff the opportunity to file

19   a substantive opposition to defendant's motion.  Specifically, the Court hereby

20   CONTINUES those dates as follows:

21        1.  No later than April 19, 2013, plaintiff shall file any opposition to defendant's

22   motion.

23        2.  No later than May 3, 2013, defendant shall file any reply

24        3.  The hearing on the motion is continued to May 17, 2013.

25   **IT IS SO ORDERED.**

26

27   Dated:  March 29, 2013

28                                                  MAXINE M. CHESNEY
                                                   United States District Judge

                                     2