United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   SORIBA BANGOURA,                        No. C-12-3229 MMC

12            Plaintiff,                      **ORDER GRANTING DEFENDANT'S
                                             MOTION FOR SUMMARY JUDGMENT;**
13      v.                                   **VACATING MAY 17, 2013 HEARING**

14   ANDRE-BOUDIN BAKERIES, INC.,

15            Defendant.
     _____/

16

17        Before the Court is defendant Andre-Boudin Bakeries, Inc.'s ("Boudin") "Motion for

18   Summary Judgment, or Alternatively, for Summary Adjudication of the Issues," filed March

19   8, 2013.  Plaintiff Soriba Bangoura ("Bangoura"), who proceeds pro se, has not filed

20   opposition.[1]  Having read and considered the papers filed in support of the motion, the

21   Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for

22   May 17, 2013, and rules as follows.

23        Bangoura's Second Amended Complaint ("SAC"), liberally construed, contains the

24   following claims brought under Title VII:  (1) during the course of Bangoura's employment

25   with Boudin, Bangoura was subjected to a hostile work environment on account of

26   Bangoura's national origin, Guinean (see SAC Ex. J, last unnumbered page); and

27

28        [1]By order filed March 29, 2013, the Court directed Bangoura to file any opposition no
     later than April 19, 2013.

1  (2) Boudin terminated Bangoura's employment to retaliate for Bangoura's having filed his

2  initial complaint in the above-titled action and on account of his national origin.  In the

3  instant motion, Boudin argues Bangoura lacks evidence to establish any of his claims.  As

4  discussed below, the Court agrees.

5        First, the conduct on which Bangoura bases his harassment claim is insufficient as a

6  matter of law.  As Boudin correctly sets forth in its motion, Bangoura, at his deposition,

7  failed to identify any conduct by Boudin's employees that a trier of fact could reasonably

8  find was directed at plaintiff "because" he was from Guinea.  See 42 U.S.C. § 2000e-

9  2(a)(1) (prohibiting discrimination "because of" national origin).  To the extent Bangoura

10  relies on his testimony that his last name was misspelled in Boudin's records (see Cheng

11  Decl. Ex. A-1 at 101:20 - 102:5), Boudin has offered evidence, undisputed by Bangoura,

12  that the misspelling was the result of Bangoura's supervisor's misreading of Bangoura's

13  last name on his handwritten job application (see Valdez Decl. ¶ 4, Ex. A), as opposed to

14  animus based on Bangoura's national origin.

15        Accordingly, Boudin is entitled to summary judgment in its favor on Bangoura's

16  harassment claim.

17        Second, Bangoura has failed to identify any evidence to support his claim that the

18  termination was on account of his having engaged in protected activity or his national

19  origin.  Boudin has offered evidence that the decision-maker was unaware that Bangoura

20  had filed a civil action against Boudin or that Bangoura was from Guinea (see Valdez Decl.

21  ¶¶ 18, 20), which evidence Bangoura has not disputed; indeed, at his deposition,

22  Bangoura testified that he did not know when the decision-maker found out he had filed a

23  complaint (see Cheng Decl. Ex. A-2 at 151:12-19), and did not know whether the decision-

24  maker knew he was from Guinea (see id. Ex. A-2 at 15:6-20).  See Raad v. Fairbanks

25  North Star Borough School Dist., 323 F.3d 1185, 1197-98 (9th Cir. 2003) (affirming grant of

26  summary judgment in favor of employer on retaliation claim, where plaintiff failed to offer

27  evidence decision-maker knew of plaintiff's protected activity); Miller v. Mercy Hosp. Inc.,

28  720 F. 2d 356, 360, 364 (4th Cir. 1983) (holding plaintiff failed to establish racial

2

1  discrimination claim, where plaintiff offered no evidence to support finding decision-maker

2  knew plaintiff's race).  Moreover, Boudin has offered evidence that Bangoura was

3  terminated on April 9, 2012 for a non-discriminatory reason, specifically, his confrontational

4  rather than cooperative interactions with coworkers and for engaging in "aggressive

5  behavior" in the workplace (see Valdez Decl. ¶¶ 8-17, Exs. E-H); Bangoura has offered no

6  evidence, let alone the requisite "substantial and specific evidence," to support a finding

7  that Boudin's proffered reason is pretextual.  See Aragon v. Republic Silver State Disposal,

8  Inc., 292 F.3d 654, 661-64 (9th Cir. 2002) (affirming grant of summary judgment in favor of

9  employer on racial discrimination claim, where plaintiff failed to "present[ ] the substantial

10  and specific evidence required to demonstrate that [employer's] reasons for the [adverse

11  employment action] were a pretext for racial discrimination").

12      Accordingly, Boudin is entitled to summary judgment in its favor on Bangoura's

13  retaliation and national origin discrimination claims.

## CONCLUSION

15      For the reasons stated above, Boudin's motion for summary judgment is hereby

16  GRANTED.

17      **IT IS SO ORDERED.**

19  Dated:  April 26, 2013

MAXINE M. CHESNEY
United States District Judge